MOSE COHEN & SONS, INC., Plaintiff, v. KUHR et, Defendants.

No. A-159694. Decided December 22, 1959.

RENNER, J. The matters for consideration here are the separate motions filed by the defendants for a judgment notwithstanding the judgment heretofore rendered and for a new trial. Counsel for defendants has assigned several reasons why each of the motions should be granted. His argument, however, on these motions was in the main directed at the conclusions reached by the Court as to the meaning of the contract between the plaintiff and the defendants.

Counsel for defendants contends that it was the intention of the parties and that the language of the contract was meant to include only such sheet iron which the defendants would choose to sell and not any and all sheet iron purchased by the defendants during the duration of the contract.

The argument and authorities relied upon these motions by plaintiff's counsel as it pertained to this particular question are the same as the arguments which he advanced during the trial of the case and after the case was submitted, except for two additional citations. After the case was concluded and before the decision by the Court, the Court heard the oral arguments of counsel and exhaustive briefs were submitted by them. Thereafter a lengthy opinion was handed down by the Court in which all of the issues presented in the case were discussed and determined.

The Court resolved the issues in favor of the plaintiff and against the defendants and declared the rights, duties and obligations of the parties under the contract of February 11,

1955, and granted the injunction prayed for against the defendant, Al Kuhr Iron and Metal, Inc.

The Court has again reviewed all of the authorities which were cited by counsel in the reply brief filed by counsel for the defendants prior to the decision rendered by it and has also examined the additional authorities submitted by him in support of this particular question. All of the cases cited are from courts outside of Ohio and in each instance the courts had under consideration contracts involving options or rights to buy real estate or to renew leases on real estate; likewise the citations from text books on contracts related to real estate. None of the contracts or agreements under consideration by the Courts in those cases contained the same or reasonably similar provisions to those contained in the agreement in the instant case. No authority has been cited by counsel for plaintiff where a Court had under consideration a contract involving personal property or a type of commodity which was bought and sold in the regular course of business as was sheet iron in the instant case.

The language in the second paragraph of the contract in the instant case is more explicit than any contained in the cases cited by the defendant. The sheet iron which the plaintiffs were granted the right to purchase was not referred to in the contract in general terms. In definite language the sheet iron which Mose Cohen & Sons, Inc. were given the first right to purchase was specifically referred to as any or all sheet iron purchased by Alvin I. Kuhr or Al Kuhr Iron and Metal, Inc.

In the fourth paragraph of the contract the sheet iron which the defendants were obligated to offer for sale to the plaintiff is again definitely described and specifically referred to as all succeeding purchases of sheet iron made by the defendants. If it had been intended that only the sheet iron which the defendants should choose to sell to the plaintiffs, it could have been so limited in simple language.

In view of the foregoing, the Court, therefore, reaches the same conclusion which it had heretofore reached on this particular question but which had not been discussed in the opinion heretofore rendered.

In view of the fact that the Court has already expressed its

views on the facts and the law pertaining to the other issues in this case, it deems it unnecessary to again discuss the other errors claimed by counsel for defendant in the separate motions under consideration here.

In conclusion, the Court finds that it did not commit error prejudicial to the rights of the defendants as claimed in the motion for a judgment notwithstanding the judgment and in the motion for a new trial and that both of the motions should be overruled.

Accordingly, please present separate entries on each of the motions.